UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN TAPIA REYES,<br>　　　　Petitioner,<br>　　v.<br>K. SELBEL,<br>　　　　Respondent. | Case No. 17-cv-04190-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 13 |

Martin Tapia Reyes filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely. For the reasons discussed below, the court dismisses the action because it is barred by the statute of limitations.

## BACKGROUND

Reyes was convicted in Santa Cruz County Superior Court in 2010 of active participation in a criminal street gang and second degree robbery. He also was found to have suffered several prior felony convictions. On July 29, 2010, he was sentenced to a total of 35 years to life.

Reyes appealed. On May 21, 2013, the California Court of Appeal reversed the conviction for active participation in a criminal street gang, and remanded for resentencing on the robbery conviction. At a resentencing hearing on May 22, 2014, the trial court imposed a fine, granted 60 days of conduct credit, and left the prison term unchanged.

Reyes appealed again. On May 26, 2015, the California Court of Appeal affirmed with the abstract of judgment corrected as that court directed. On August 12, 2015, Reyes' petition for review in the California Supreme Court was denied.

1  Reyes' federal petition for writ of habeas corpus was stamped "received" at the courthouse on July 19, 2017, and stamped "filed" on July 24, 2017. Docket No. 1 at 1. The petition has a signature date of July 14, 2017, and came to the court in an envelope post-marked July 17, 2017. Under the prisoner mailbox rule, a petition is deemed filed as of the date on which the prisoner-petitioner gives it to prison officials to mail to the court. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). For present purposes, the court assumes that Reyes gave the petition to prison officials to mail on the day he signed it and deems his federal petition filed as of July 14, 2017.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the limitations period began on the ordinary date, when the judgment became final upon "the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). Reyes' petition for review was denied by the California Supreme Court on August 12, 2015, and he had ninety days in which to file a petition for writ of

certiorari in the U.S. Supreme Court. He did not file a petition for writ of certiorari. Reyes' conviction therefore became final on November 10, 2015, when the time for him to file a petition for writ of certiorari expired. Reyes' presumptive federal habeas deadline was November 10, 2016, one year from that date.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Reyes is not entitled to any statutory tolling under this provision because he did not file any state habeas petitions.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling bears the burden of establishing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Reyes urges that he is entitled to equitable tolling due to several circumstances, especially when those circumstances are considered collectively.

He states that he was housed in the security housing unit (SHU) for an unspecified period of time, and was unable to contact inmates who might help him until after his release from the SHU. This does not show entitlement to equitable tolling, as it would tie a petitioner's limitations period to the happenstance of him finding another inmate interested in helping him with his habeas petition. Reyes does not show that his SHU placement prevented him from learning of the habeas statute of limitations deadline, prevented him from attending the law library, or prevented him from requesting materials through the paging system available at most prisons when a library is not physically available. Nor does he show any unsuccessful efforts to attend the library or use the paging system while in the SHU. Reyes does not show that his SHU placement made it impossible for him to file a timely federal petition by the November 10, 2016 deadline. *See generally Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred away or too busy to attend to his petitions are not extraordinary circumstances

3

1  "given the vicissitudes of prison life"). He cites to *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005), as a case involving a petitioner in segregated housing, but that case is distinguishable in that the petitioner in *Espinoza-Matthews* was both in administrative segregation *and* denied access to his legal papers during his time in administrative segregation, whereas Reyes was only in segregated housing. As *Espinoza-Matthews* explained, it is unrealistic to expect a *pro se* prisoner to prepare and file a meaningful habeas petition without access to his legal files. *Id.* at 1027. Reyes was not denied access to his legal papers during his time in the SHU. *See* Docket No. 16 at 6 ("I read and re-read all my briefs").

Reyes also states that a petitioner who has little education or illiterate should be entitled to equitable tolling. The law generally is to the contrary. *Cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). More importantly, Reyes has failed to provide evidence that these circumstances actually existed for him, i.e., there is no proof that he is uneducated or illiterate. Statements made elsewhere in Reyes' opposition cast doubt on any notion that he is uneducated or illiterate, as he states that he wrote "countless letters to family, friends, and attorneys," "read[] how-to legal books," and "read and re-read all [his] legal briefs." Docket No. 16 at 2, 6.

He further states that he had "no legal knowledge." Docket No. 20 at 2. Far from being an extraordinary circumstance supporting equitable tolling, the lack of legal knowledge is commonplace among habeas petitioners, and does not support equitable tolling. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Reyes also points out that it was not until about September 28, 2015 that he received his transcripts, along with a letter from his attorney explaining that the attorney could no longer represent him. Docket No. 16 at 2, 6. This does not support equitable tolling because it occurred more than a month before the limitations period even began. Moreover, far from showing some sort of client abandonment, the attorney's conduct appears to have been the proper course of

4

action, i.e., the appointed attorney informed the client when the appointed attorney's representation had concluded and forwarding the transcripts to the client at the end of the representation.

"The issue of the 'impossibility' of a timely filing of a federal habeas petition may, in some circumstances, involve the confluence of numerous factors beyond the prisoner's control." *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002). This is not such a case. Reyes has failed to show that his SHU housing, combined with his lack of legal knowledge and his pre-limitations period receipt of paperwork from his attorney, combined to make it impossible to timely file his federal habeas petition. Reyes has failed to carry his burden to show "'that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649.

In summary, Reyes failed to file his federal habeas petition before the statute of limitations period expired. Reyes is not entitled to any statutory tolling or equitable tolling. The petition in this action was filed on July 14, 2017, more than eight months after the limitations period expired on November 10, 2016. The petition must be dismissed because it is untimely.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED. Docket No. 13. The petition is dismissed because it was not filed before the expiration of the habeas statute of limitations period. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 3, 2018

_____
SUSAN ILLSTON
United States District Judge